```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA
```

JENNIFER L. ROGERS,              )
                                 )
        Plaintiff,                )
                                 )
v.                               )  Case No. CIV-18-277-KEW
                                 )
COMMISSIONER OF SOCIAL           )
SECURITY ADMINISTRATION,         )
                                 )
        Defendant.                )

**OPINION AND ORDER**

Plaintiff Jennifer L. Rogers (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner=s decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 33 years old at the time of the ALJ's decision. Claimant completed her high school education.  Claimant has worked

in the past as a food sales clerk. Claimant alleges an inability to work beginning November 1, 2013 due to limitations resulting from mental problems.

## Procedural History

On November 23, 2015, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. ' 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. ' 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 16, 2017, Administrative Law Judge ("ALJ") James Bentley conducted an administrative hearing in McAlester, Oklahoma. On August 11, 2017, the ALJ issued an unfavorable decision. On June 20, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to perform a proper analysis at step five; and (2) failing to properly analyze the consistency of Claimant's testimony with the evidence.

**Step Five Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairment of history of syncope, diabetes mellitus II, anxiety, hypothyroidism, chronic pain, post traumatic stress disorder ("PTSD") unspecified bipolar disorder v. major depressive disorder, cannabis abuse disorder, bilateral shoulder pain, panic attacks, and mild degenerative disc disease of the cervical spine. (Tr. 19). The ALJ determined Claimant could perform light work except that she was able to understand, remember, and apply simple instructions and persist and concentrate for extended periods in order to complete simple tasks with routine supervision. She was able to relate to supervisors and peers on a superficial work basis. She was unable to have work-related contact with the general public. She could occasionally reach overhead bilaterally. The ALJ determined Claimant should avoid unprotected heights and dangerous moving machinery. (Tr. 21). After consultation with the vocational expert, the ALJ found Claimant could perform the representative jobs of housekeeper cleaner,

5

inspector packer, and bakery worker (production), all of which were found to exist in sufficient numbers in the regional and national economies. (Tr. 27). As a result, the ALJ found Claimant was not under a disability from November 1, 2013 through the date of the decision. Id.

Claimant contends the ALJ improperly adopted the findings of the vocational expert because the representative jobs identified exceeded Claimant's abilities as reflected in the RFC or which should have been included in the RFC. At the administrative hearing, the ALJ proposed a hypothetical question to the vocational expert which include

> understanding, remembering, and applying simple instructions and concentrating and persisting for extended periods in order to complete simple work tasks with routine supervision; individual would be capable of relating to supervisors and peers on a superficial work basis; however, would have not work-related contact with the general public; individual would also be limited to just occasional reaching overhead bilaterally; also would need to avoid unprotected heights and dangerous moving machinery.

After eliminating Claimant's past relevant work, the vocational expert identified three representative jobs Claimant could perform under the hypothetical – (1) housekeeper, cleaner –

*Dictionary of Occupational Titles* ("*DOT*") 323.687-014, (2) inspector-packer, *DOT* 784.687-042, and (3) bakery worker, production, *DOT* 524.687-022. (Tr. 59-61).

Claimant first contends the job of inspector-packer requires a Reasoning Level of 2 which is inconsistent with the limitation to understanding, remembering and applying simple instructions. Jobs designated in the DOT with the General Educational Development Reasoning Level of 2 require a claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *DOT*, App. C, 1991 WL 688702. This would appear to be inconsistent with the limitations placed upon Claimant by the ALJ in the RFC. Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)(reversing for the ALJ to address the apparent conflict between the *DOT* and the RFC.). Neither the vocational expert nor the ALJ offered explanation for this deviation from the DOT.

While the Commissioner recognizes a conflict within the various panels of the Tenth Circuit on the issue of whether a vocational expert may rely upon the SVP to determine the complexity of a particular job or whether the reasoning level should determine

7

the appropriate level of activity in comparison to the RFC. This Court has consistently followed the only published opinion on the matter - the Hackett case - to arrive at the conclusion that the reasoning level must be consistent with the level of work established by the ALJ in the RFC or the vocational expert must explain the basis for any discrepancy.

However, since the ALJ and vocational expert must only identify a single job that Claimant may perform, this Court must analyze the consistency of the remaining two jobs identified by the vocational expert. Both of these jobs require a Reasoning Level of 1 and, therefore, do not suffer from the same inconsistency as the job of inspector-packer.

Claimant contends the job of housekeeper-cleaner requires frequent reaching and contact with the public which is inconsistent with the RFC. The *DOT* does include a requirement for frequent reaching as well as a requirement for the job to "move[] furniture, hang[] drapes and roll[] carpet" which would appear to be in conflict with the ALJ's RFC finding that Claimant could only "occasionally reach overhead bilaterally." (Tr. 21). Moreover, the ALJ specifically found Claimant was "unable to have work-related contact with the general public." Id. The housekeeper-

cleaner job requires such contact in including in the functions of the job "personal assistance to patrons." *DOT* 784.687-042. An ALJ is responsible for investigating any discrepancies between the vocational expert's testimony and the *DOT*. Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999).

The third job identified by the vocational expert and adopted by the ALJ was bakery worker. Again, this job only requires a Reasoning Level of 1 which would appear to be consistent with the RFC. This job also requires only occasionally reaching which is also consistent with the ALJ's RFC. Claimant contends the ALJ should have included additional restrictions in the RFC to accommodate her moderate limitations in concentration, persistence, or pace found at step three. It has been established, however, that "the ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment in this case." Bales v. Colvin, 576 F. App'x 792, 798 (10th Cir. 2014); *see also* Soc. Sec. R. 96–8p, 1996 WL 374184, at *4 (July 2, 1996)("[T]he limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation

process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings."). The ALJ noted the findings of Dr. Kathleen Ward who conducted a mental status examination on February 8, 2016. (Tr. 24-25). Dr. Ward found with regard to Claimant's concentration and memory that she could perform various testing administered to her and concluded her "[i]ntellectual abilities are estimated to be within the average to lower average ranges." (Tr. 387). Dr. Ward's findings did not support any additional limitations in concentration, persistence, or pace than were established in the ALJ's RFC. Further, the reports of the non-examining reviewing agency physicians did not provide support for the restrictions urged by Claimant. (Tr. 75-76, 88-89, 106-08, 123-25).

Claimant also suggests that that the ALJ should have included trouble sleeping and fatigue in the RFC based upon a single record which indicated she complained of these problems. (Tr. 327-28). Other than Claimant's reporting, no medical professional has established that this condition imposes a functional limitation upon Claimant. It was not error for the ALJ to fail to include this limitation in the RFC. As a result, this Court cannot

10

conclude that Claimant would not be capable of performing the required tasks of the job of bakery worker.

**Credibility Determination**

Claimant also asserts that the ALJ failed to recognize the consistency between her testimony and the medical evidence. Claimant sets forth extensive case authority concerning the ALJ's duty to consider a claimant's testimony on pain but fails to state precisely what portion of Claimant's testimony the ALJ failed to consider. The ALJ recited Claimant's testimony on her alleged conditions extensively in his decision. (Tr. 22). He then proceeded to recite the entirety of the medical record, including opinion evidence, which did not support the level of restriction put forth by Claimant. (Tr. 23-26).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily

activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements. The nature and effectiveness of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

12

this Court finds, in accordance with the fourth sentence of 42 U.S.C. ' 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 30th day of September, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE